HEARD JUNE TERM, 1875.

FRAZEE *vs.* CARDOZO.

A party cannot be attached for contempt in refusing to obey a writ of *mandamus* issued by the Supreme Court of the State, where the cause in which it issued has been removed by writ of error to the Supreme Court of the United States, until that Court, by some action of its own, has returned the case to the State Court.

This was a rule to show cause, issued by the Supreme Court in the case of The State of South Carolina, ex relatione Phineas F. Frazee, *against* F. L. Cardozo, State Treasurer.

October 6, 1873. The opinion of the Court was delivered by

MOSES, C. J. A rule was issued requiring the respondent, F. L. Cardozo, State Treasurer, to show cause why he should not be attached for a contempt in failing to obey a writ of *mandamus* issued by this Court in the case stated, requiring him to perform a certain act or certain acts as in the said mandate set forth.

The cause shown is the allowance of a writ of error from the Supreme Court of the United States operating as a *supersedeas* on the judgment of this Court. Against this averment, it is alleged that the writ issued is not a *supersedeas*, and if it originally had effect as such, the plaintiff in error has failed to prosecute it as by law he was bound, and that his delay has operated as an abandonment or discontinuance of it. Whatever may be our views in regard to the effect of the writ, or the failure of the respondent to further his appeal in conformity with the requirements of the Supreme Court in like cases, the withdrawal of the suit from this Court for its proposed transfer to the higher tribunal leaves us without power over any question arising under it until authorized to act by the order of the Court through the writ by which it was hence withdrawn. We have so lately presented our views on the effect of such a writ

in arresting all further proceeding by the Court to which it is directed, until authorized by the Court from which it issued, that we may consider ourselves spared the necessity of here repeating them.—*Ex Parte Dunn, Comptroller General, in re Hand* vs. *Savannah and Charleston Railroad Company*, MS.

While the writ is pending, (and whether pending is alone to be determined by the Court which issued it,) we cannot hold the respondent in contempt for not conforming to a judgment which has been superseded by the allowance of it.

The rule is discharged.

*Wright*, A. J., and *Willard*, A. J., concurred.